Clarence W. MITCHELL, Plaintiff,

v.

Jack P. HENDRICKSON, Defendant.

No. A–8652.

United States District Court, Alaska Third Division, Anchorage.

Feb. 11, 1955.

John S. Hellenthal and Ralph H. Cottis, Anchorage, Alaska, for plaintiff.

Albert Maffei and Edward L. Arnell, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

The plaintiff seeks possession of a crane and damages for its detention under a claim of ownership based on an instrument designated "bill of sale." The defendant denies this claim of ownership and alleges that the instrument referred to, in conjunction with an option agreement executed contemporaneously therewith under which the defendant was allowed 60 days in which to repurchase the crane, constitutes a chattel mortgage.

The principal question presented, therefore, is whether there was a sale of the crane to the plaintiff, with an option to repurchase, or whether there was a loan made by the plaintiff to the defendant, secured by the alleged bill of sale.

The defendant asserts that on February 5, 1953, he borrowed $2,500 from the plaintiff and agreed to pay the plaintiff $3,000 in 60 days, and that it was agreed to resort to the device of a bill of sale to the crane with an option to repurchase it in 60 days, and prays that the plaintiff have judgment for $2,500 only. On the other hand, the plaintiff asserts that he bought the crane for $2,500 and in consideration of releasing or forebearing to sue on claims arising from previous transactions aggregating about $600.

It appears that on April 5, 1953, the plaintiff accepted a check from the defendant for $3,000 which, however, was not honored by the bank for lack of funds; that on or about the 10th of April the plaintiff attempted to take possession of the crane, which was on defendant's land and apparently held fast by frozen ground. It also appears that the attempt was resisted by the defendant's agents, and that later in the day the defendant, by his agent, tendered $3,000 in cash to the plaintiff's wife, who refused the tender on the ground that she did not know the offeror and that the offeror had no evidence of her authority to make the tender.

██ The testimony is in sharp conflict and in some respects is such as to materially affect the credibility of both parties. The case turns largely on credibility. It would serve no useful purpose to attempt to review the testimony. I am convinced that the price paid for a machine of this kind at an Army surplus sale is not a reliable criterion of market value and that other evidence as to market value clearly shows that the crane at the time of the transaction under discussion was worth considerably more than $2,500. From the circumstance that the defendant paid more than $3,000 for the crane at the Army surplus sale, and the evidence bearing on value, I find that the bill of sale was a device to secure repayment of the loan; that $500 was to be paid for the use of the money, and hence conclude that the purported bill of sale, together with the option agreement, constitutes a chattel mortgage for $2,500. I am also of the opinion that the tender of $3,000 made by the defendant on or about April 10th was a valid tender, and since this is a lien theory jurisdiction, operated to discharge the lien of the mortgage. 2 Jones, Chattel Mortgages & Conditional Sales, 6th ed., Sec. 637. Accordingly I conclude that the plaintiff is entitled to recover $2,500, but without interest or costs.